UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:11-cv-61957-WPD (Dimitrouleas/Snow)

JOSEPH ERAZO,

    Plaintiff,

vs.

CARIBBEAN CRUISE LINE, INC., a
Florida corporation, SHERRY DONNELLY,
individually, MARIA GONZALEZ,
individually, and MICHAEL A. RUDOV,
individually,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH ERAZO, hereby sues Defendants, CARIBBEAN CRUISE LINE, INC., a Florida corporation, SHERRY DONNELLY, individually, MARIA GONZALEZ, individually, and MICHAEL A. RUDOV, individually, and for his causes of action states as follows:

## INTRODUCTION

1. This is an action seeking declaratory, injunctive and equitable relief, costs and attorney's fees for interference with rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). This action also seeks declaratory, injunctive and equitable relief, compensatory damages, and expenses, including reasonable attorney's fees, for disability and handicap discrimination suffered by the Plaintiff, in violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* (hereinafter referred to as "the ADA")

and the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. (hereinafter referred to as "the FCRA").

2. Defendants have denied Plaintiff's right to take a leave of absence for his own mental impairment. Defendants also have harassed Plaintiff and treated him differently as compared to other employees who do not have mental impairments.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a)(4), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. §§ 12117 and 2000e-5(f)(3), as well as this Court's supplemental jurisdiction under and 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5. All administrative requirements have been exhausted and a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") on or about March 30, 2012, based upon a charge of discrimination timely filed with the EEOC. Additionally, more than 180 days have passed since the filing of Plaintiff's charge.

## PARTIES

6. Plaintiff is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court. At all times material hereto, Plaintiff was both an "employee" and an "eligible employee" as those terms are defined under the FMLA. At times material hereto, Plaintiff also was an "employee" within the meaning of the ADA and the FCRA.

7. Defendant, CARIBBEAN CRUISE LINE, INC. ("CARIBBEAN"), is a Florida corporation conducting business in Florida and within the jurisdiction of this Court.

8. At all times material hereto, CARIBBEAN was an "employer" as that term is defined under the FMLA. At times material hereto, CARIBBEAN also was an "employer" within the meaning of the ADA and the FCRA.

9. At all times material hereto, Defendant, MARIA GONZALEZ, served as the Human Resources Director for CARIBBEAN and in that capacity acted and acts directly in the interests of CARIBBEAN in relation to its employees, and thus, Defendant, MARIA GONZALEZ, was and is an employer within the meaning of the FMLA.

10. At all times material hereto, Defendant, MICHAEL A. RUDOV, served as the Benefits Administrator for CARIBBEAN and in that capacity acted and acts directly in the interests of CARIBBEAN in relation to its employees, and thus, Defendant, MICHAEL A. RUDOV, was and is an employer within the meaning of the FMLA.

11. At all times material hereto, Defendant, SHERRY DONNELLY, served as the Controller for CARIBBEAN and in that capacity acted and acts directly in the interests of CARIBBEAN in relation to its employees, and thus, Defendant, SHERRY DONNELLY, was and is an employer within the meaning of the FMLA.

## **FACTS**

12. Plaintiff is currently employed by CARIBBEAN as an accounting clerk and has been working for CARIBBEAN in a full-time capacity since January 1999.

13. Plaintiff is qualified for his position and competently performs the duties and responsibilities of his position.

14. Plaintiff has been under the care of a licensed psychiatrist since in or about 2008 and has been diagnosed with major depression.

15. Plaintiff's mental condition is chronic, involving continuing treatment by his

psychiatrist over an extended period of time, requires periodic visits (at least twice a year), and involves occasional episodes of incapacity. As such, Plaintiff's mental condition is a "serious medical condition" under the FMLA. Additionally, Plaintiff is disabled under the ADA and FCRA, as his condition substantially limits one or more of his major life activities, including but not limited to working, since he often is incapable of getting out of bed. Moreover, Plaintiff has a record of a mental impairment. Finally, the Defendant regarded Plaintiff as having such an impairment.

16. At all times material hereto, Defendants were aware of Plaintiff's disability.

17. On or about July 27, 2011, Plaintiff submitted a written time off request for medical leave, requesting time off from September 2, 2011 to September 12, 2011. Plaintiff also submitted a letter from his treating psychiatrist on or about July 27, 2011, informing CARIBBEAN of the Plaintiff's need for leave from September 2, 2011 to September 12, 2011, due to his major depressive disorder. This request for time off was a reasonable accommodation Defendant could have provided to Plaintiff.

18. On or about July 28, 2011, Defendant, RUDOV, notified Plaintiff of his eligibility to take the requested leave, but instructed Plaintiff to submit sufficient certification to support his request for FMLA leave by August 11, 2011.

19. Thereafter, on or about July 29, 2011, Plaintiff's treating psychiatrist submitted to CARIBBEAN a completed and signed "Certification of Health Care Provider for Employee's Serious Health Condition" form, providing CARIBBEAN with further supporting certification as to the Plaintiff's condition, including that the condition was chronic, that the Plaintiff had been seen and treated on multiple dates, that the Plaintiff would need to have treatment visits twice per year due to his condition, that the Plaintiff is

prescribed mediation for his disorder, that the Plaintiff's condition may or may not improve with treatment, that the Plaintiff may be incapacitated during single continuous periods of time due to his medical condition, and that Plaintiff's medical condition may cause episodic flare-ups.

20. Subsequently, on or about August 5, 2011, and pursuant to RUDOV's instructions, Plaintiff completed the Application for Family or Medical Leave form and submitted same to CARIBBEAN, on which form DONNELLY signed off.

21. On or about August 11, 2011, RUDOV notified Plaintiff that his request for leave had not yet been approved because CARIBBEAN was requesting clarification from Plaintiff's psychiatrist as to what medical treatment Plaintiff would be receiving during the leave period.

22. On or about August 17, 2011, Plaintiff's psychiatrist submitted a letter to CARIBBEAN, informing CARIBBEAN that Plaintiff's medical leave from September 2, 2011 through September 12, 2011 was absolutely required in order to assist the Plaintiff's improvement of his Major Depressive Disorder, which was being exacerbated by stress.

23. On or about August 23, 2011, CARIBBEAN denied Plaintiff's request for continuous leave under the FMLA.  GONZALEZ informed Plaintiff of such in writing.

24. Thereafter, on or about August 31, 2011, CARIBBEAN continued its interference with Plaintiff's FMLA leave request by sending him a letter insinuating that Plaintiff was attempting to take a vacation during the requested leave period which was denied and further threatening the Plaintiff with adverse employment action if in fact he refused to work his regularly scheduled shifts during the dates of September 2, 2011 through September 12, 2011.

25. At all times material hereto, all of the Defendants have intimidated, harassed, and bullied Plaintiff as a result of his condition and request for FMLA leave. For instance, DONNELLY has unnecessarily questioned Plaintiff about his need to take certain time off for purposes of dealing with his condition and RUDOV questioned Plaintiff about his condition in front of others in a non-confidential manner and asked Plaintiff in a sarcastic manner whether he was going to have to miss work every time he didn't feel good.

26. At all times material hereto, Plaintiff competently performed his job and is a qualified individual with a disability under the ADA and FCRA inasmuch as he is able to perform the essential functions of his job with reasonable accommodation.

27. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for his services.

### COUNT I – INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FMLA

28. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant violated the FMLA by interfering with Plaintiff's exercise of rights under the FMLA.

30. Plaintiff has suffered and will continue to suffer pecuniary losses and other damages as a result of Defendant's violation of the FMLA.

31. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged, and he is now suffering and will continue to suffer irreparable injury unless Defendant is enjoined by this court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court: (a) declare Defendant's conduct to be in violation of the FMLA; (b) enjoin Defendant from further

engaging in such conduct; (c) award Plaintiff damages; (d) compel Defendant to approve the requested leave; (e) award Plaintiff liquidated damages; (f) award Plaintiff prejudgment interest; (g) award Plaintiff costs and reasonable attorney's fees; and (h) grant such other relief as this Court deems to be just and proper.

### COUNT II - DISABILITY DISCRIMINATION UNDER THE ADA AGAINST THE CORPORATE DEFENDANT

29. Plaintiff incorporates as if fully realleged herein paragraphs 1 through 27.

30. Through its above-described acts and conduct toward Plaintiff, Defendant has violated Plaintiff's rights under the ADA.

31. Defendant engaged in discriminatory acts and conduct against Plaintiff with malice and/or with reckless indifference to Plaintiff's rights under the ADA.

32. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

33. Plaintiff will suffer future pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

34. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court.

WHEREFORE, Plaintiff, JOSEPH ERAZO, prays that this Honorable Court:

A. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

B. Enjoin Defendant from engaging in such conduct;

C. Award to Plaintiff compensatory damages;

D. Award to Plaintiff expenses, including reasonable attorney's fees; and

E. Grant such other and further relief as may be deemed just and proper in the premises.

## COUNT III - HANDICAP DISCRIMINATION UNDER THE FCRA

35. Plaintiff incorporates as if fully realleged herein paragraphs 1 through 27.

36. Through its above-described acts and conduct toward Plaintiff, Defendant has violated Plaintiff's rights under the FCRA.

37. Defendant engaged in discriminatory acts and conduct against Plaintiff with malice and/or with reckless indifference to Plaintiff's rights under the FCRA.

38. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

39. Plaintiff will suffer future pecuniary losses as a direct result of Defendant's discriminatory acts and conduct.

40. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court.

WHEREFORE, Plaintiff, JOSEPH ERAZO, prays that this Honorable Court:

A. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

B. Enjoin Defendant from engaging in such conduct;

C. Award to Plaintiff compensatory damages;

D. Award to Plaintiff punitive damages;

E. Award to Plaintiff expenses, including reasonable attorney's fees; and

    F.    Grant such other and further relief as may be deemed just and proper in the premises.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

Dated: April 19, 2012  
       Boca Raton, FL

Respectfully submitted,

*s/ Daniel R. Levine*  
DANIEL R. LEVINE, ESQ.  
Fla. Bar No. 0057861  
E-mail: drlevine@sbwlawfirm.com  
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.  
7777 Glades Road, Suite 400  
Boca Raton, FL  33434  
Telephone: (561) 477-7800  
Facsimile: (561) 477-7722  
Attorneys for Plaintiff